TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON MOTION FOR REHEARING

NO. 03-98-00476-CR

Kenneth Duane Porter, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 97-172-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

 We issue the following supplemental opinion in connection with our earlier
overruling of the State's motion for rehearing

 In our opinion of June 17, 1999, we held that the digital data contained within
appellant's computer do not constitute a "reproduction of a film image" unless and until that data
are used to create a visual image, presumably either on the screen of the monitor or in some "hard
copy" form. We therefore reversed Porter's conviction for possession of child pornography. 
However, there is an additional hurdle the State has not overcome in the present case.

 The relevant statute, since amended, defined "film image" to include "a
photograph, slide, negative, film, or videotape, or a reproduction of any of these." Act of May
27, 1985, 69th Leg., R.S., ch. 530, § 2, 1985 Tex. Gen. Laws 2133, 2134 (Tex. Penal Code
Ann. § 43.26, since amended) (current version at Tex. Penal Code Ann. § 43.26 (West Supp.
1999)). It is common knowledge, however, that modern digital cameras do not use any kind of
film, but record real-life images directly in digital form. If the images at issue here were stored
directly in this digital form, there would never have been a "film image," as defined by the
statute, for there to be a "reproduction" of. The present record contains no evidence whatsoever
of how the digital data found in appellant's computer was originally produced. Accordingly, the
State failed to prove that the materials possessed by appellant contained a film image, as required
by the statute at the time of the charged offense.

 The upshot of this case may be to demonstrate that the legislature had a very good
reason for the 1997 amendments to section 43.26 of the Penal Code.

 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith, and Yeakel

Filed: August 26, 1999

Publish